936 F.2d 567
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Dorothy L. SHAMBERGER, Plaintiff-Appellant,
v.
Louis W. SULLIVAN, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 89-2794.
 United States Court of Appeals, Fourth Circuit.
 Submitted March 19, 1991.
Decided June 28, 1991.
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Eugene A. Gordon, Senior District Judge. (CA-88-1009-G-C)
 David M. Dansby, Jr., Greensboro, N.C., for appellant.
 Stuart E. Schiffer, Assistant Attorney General, Robert H. Edmunds, Jr., United States Attorney, Benjamin Harvey White, Jr., Assistant United States Attorney, Greensboro, N.C., Bruce R. Granger, Chief Counsel, Mack A. Davis, Deputy Chief Counsel, James N. Stephens, Principal Regional Counsel, Dennis R. Williams, Assistant Regional Counsel, Atlanta, Ga., for appellee.
 M.D.N.C.
 AFFIRMED.
 Before WIDENER, WILKINSON and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Dorothy Shamberger applied for child's insurance benefits under the Social Security Act on behalf of her daughter, Shenika C. Shamberger, on July 21, 1986. Dorothy Shamberger claimed that Shenika was the daughter of the insured, Donald Byers, who died on June 29, 1986. The application was denied initially and on reconsideration. An administrative law judge determined following a hearing that Shenika was not the child of Byers for purposes of the Act.
 
 
 2
 Dorothy Shamberger then filed suit in district court. A magistrate judge determined that substantial evidence supported the Secretary's determination that Shenika is not the child of Byers under either North Carolina law or the Social Security Act and that she was not receiving regular contributions or support from Byers at the time of his death. After considering objections to the report of the magistrate judge, the district court adopted the report and entered judgment for the Secretary. Shamberger timely appealed. On appeal, we address whether the Secretary's decision was supported by substantial evidence. 42 U.S.C. Sec. 405(g); Richardson v. Perales, 402 U.S. 389, 401 (1971).
 
 
 3
 Dorothy Shamberger and Byers lived together for several years prior to Shenika's birth on January 22, 1980. However, Dorothy Shamberger was still married to Jeffrey Shamberger when Shenika was born. Jeffrey Shamberger is identified as Shenika's father on her birth certificate. Dorothy Shamberger and Byers ceased living together approximately one year after Shenika's birth. Subsequently, Byers contributed only token amounts to Shenika, giving her on occasion five or ten dollars.
 
 
 4
 The entitlement provision, 42 U.S.C. Sec. 402(d), provides survivor benefits to every "child" who survives "a fully or currently insured individual" if the "child" has applied for benefits, is unmarried and within certain age limits, and was dependent on the insured individual at the time of the latter's death. At issue in this case are the "child" and "dependency" status of Shenika Shamberger in relation to Donald Byers.
 
 
 5
 Under certain circumstances, an illegitimate child qualifies as a "child" under the Act. A claimant may establish "child" status, and is presumed to be dependent, see Mathews v. Lucas, 427 U.S. 495, 499 (1976), by (1) showing that under the law of the deceased insured's domicile at death the claimant would have been treated as his child for purposes of the devolution of intestate property, 42 U.S.C. Sec. 416(h)(2)(A); or (2) showing that the claimant's legitimacy was prevented only by some "legal impediment" to an otherwise valid marriage between the parents, 42 U.S.C. Sec. 416(h)(2)(B); or (3) independently establishing one of a number of specific factual predicates from which "child" status is "deemed" to exist, 42 U.S.C. Sec. 402(h)(3)(C).
 
 
 6
 Under Sec. 402(h)(3)(C), a claimant must establish that (1) the insured is shown by evidence satisfactory to the Secretary to be the parent of the applicant and the insured was living with or contributing to the support of the applicant at the time of death; or (2) the deceased insured (a) had acknowledged his parentage in writing, or (b) had been decreed by a court to be the parent of the applicant, or (c) had been ordered by a court to contribute to the support of the applicant because the applicant was his or her son or daughter.
 
 
 7
 After reviewing the record in this case, we are convinced that substantial evidence supports the Secretary's denial of child benefits to Shenika Shamberger. Under North Carolina law of intestate succession, Shenika is presumed to be the child of Jeffrey Shamberger, to whom her mother was married when Shenika was born. There is no evidence that Jeffrey was denied access to Dorothy Shamberger or was impotent. See State v. White, 300 N.C. 494, 268 S.E.2d 481 (1980). Nor is there any evidence of a legal impediment to what otherwise would be a valid marriage between Byers and Dorothy Shamberger. Byers was not shown to have been living with or contributing to Shenika's support at the time he died. He never acknowledged his parentage in writing, there was no court decree of his parentage, and there was no court order that Byers contribute to the support of Shenika.[1]
 
 
 8
 As our review of the materials before us reveals that it would not significantly aid the decisional process, we dispense with oral argument. The judgment is affirmed.
 
 
 9
 AFFIRMED.
 
 
 
 [1]
 Shamberger appears to raise a due process challenge to Sec. 402(h)(3). However, courts have consistently upheld the statute. See e.g., Mathews v. Lucas, 427 U.S. at 513; Parham v. Hughes, 441 U.S. 347, 352 n. 5 (1979); Young v. Secretary, 787 F.2d 1064, 1070 (6th Cir.), cert. denied, 479 U.S. 990 (1986)